**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOANN L. FRANCIS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL ACTION NO. 1:25-CV-1494<br><br>(SAPORITO, J.)<br>(BLOOM, C.M.J) |

**ORDER**

Now before the court is a report and recommendation of Chief United States Magistrate Judge Daryl F. Bloom, in which he recommends that the Commissioner of Social Security's determination that the plaintiff did not meet the standard required for disability benefits be affirmed. (Doc. 16).

On March 16, 2023, the plaintiff filed an application under Title II of the Social Security Act for disability insurance benefits. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that the plaintiff was not disabled at any time from her alleged onset date of disability, November 1, 2020, through the date she was last insured, December 31, 2022. In evaluating whether a claimant is disabled under

the Social Security Act, an ALJ follows a five-step evaluation.[1] (Doc. 16, at 19). As outlined in Judge Bloom's report and recommendation, between the third and fourth step, the ALJ concluded that the plaintiff retained the residual functional capacity to "perform light work … except she can do occasional[] handling and fingering with the right hand. She can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She can frequently balance, and crawl and she can occasionally kneel and crouch." (*Id.*, at 11). The ALJ did so after considering the medical record, the medical opinion evidence, and the plaintiff's self-reported symptoms. (*Id.*). Therefore, while the ALJ found under the fourth step that the plaintiff could not perform her past relevant work due to some restrictions, the ALJ found that she could perform the occupations of a sorter, ticket taker, and collator operator under the fifth step. (*Id.*). Accordingly, the ALJ denied the plaintiff's claim after finding that the plaintiff had not met the standard prescribed for disability benefits. (*Id.*).

---

[1] An ALJ must determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity. (Doc. 16, at 19) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).

The plaintiff appeals that determination, arguing that it is not supported by substantial evidence and that ALJ erred in evaluating both the medical opinion evidence and the plaintiff's self-reported symptoms in the record. (Doc. 1). Upon review of the record, Judge Bloom found the plaintiff's contentions to be unpersuasive. Regarding the plaintiff's contention that the ALJ failed to adequately consider and address the testimony of the plaintiff's medical expert, Dr. Paul Horchos, Judge Bloom noted that although the ALJ considered Dr. Horchos's testimony, he found the opinion to be unpersuasive because it was contradicted by the objective medical evidence in the record. Similarly, with respect to the plaintiff's subjective symptom testimony, Judge Bloom identified that the ALJ found that the objective medical evidence in the record undermined the plaintiff's allegations. Therefore, Judge Bloom concluded that "[g]iven that the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as established by the evidence, we find no error with the decision." (*Id.*, at 16).

On May 8, 2026, the plaintiff filed objections to Judge Bloom's

report and recommendation. (Doc. 17).[2] The plaintiff's objections largely mirror her appeal of the ALJ's determination. First, the plaintiff argues that Judge Bloom erred in concluding that the ALJ properly evaluated Dr. Horchos's medical opinion. (*Id.*, at 2). Second, the plaintiff contends that Judge Bloom erred in concluding that the ALJ properly evaluated the plaintiff's subjective symptom testimony. (*Id.*, at 6). Neither argument, however, is persuasive.

The plaintiff renews the arguments raised on appeal, contending that the ALJ failed to adequately explain how Dr. Horchos's medical opinion regarding the plaintiff's standing and walking limitations was inconsistent with the record, and further arguing that the ALJ failed to consider material evidence in the record. (*Id.*, at 3, 5). However, Judge Bloom addressed this contention in his report and recommendation:

> [A]s the ALJ noted in the decision, the medical records from the relevant time indicated that [the plaintiff] walked independently and was able to ambulate without assistance. Additionally, there is no indication from any of the treatment records that [the plaintiff] used a cane to ambulate despite her testimony that she brought it to every doctor's appointment… [A]s the ALJ recounted, the objective evidence during the relevant period contained largely unremarkable physical findings, such

[2] On May 22, 2026, the defendant responded to the plaintiff's objection to Judge Bloom's report and recommendation. (Doc. 18).

> as 5/5 strength in the lower extremities, an ability to walk independently, a normal gait, and no focal deficits… In fact, Dr. Horchos's notes during the relevant period indicated that by February of 2022, [the plaintiff] reported an ability to sit for an hour without pain, and by June, she reported dramatic improvement in her symptomology.

(Doc. 16, at 29–30) (quotations omitted). Moreover, we find the plaintiff's second contention, that the ALJ failed to properly evaluate the plaintiff's subjective symptom testimony, to be unpersuasive for substantially the same reasons. As Judge Bloom noted:

> The ALJ also properly considered [the plaintiff's] subjective symptoms. In concluding that [the plaintiff] was not as limited as she alleged, the ALJ recounted objective findings during the relevant period of full strength, an ability to walk without an assistive device, full range of motion, intact sensation, and no focal deficits that belied [the plaintiff's] testimony that she used a cane frequently and could only walk for six to eight minutes without a cane. The ALJ further noted that [the plaintiff] alleged an ability to sit for only 15 minutes, but that treatment notes from February of 2022 indicated she could sit for an hour without pain.

(*Id.*, at 31). Accordingly, we conclude that the ALJ's determination is supported by substantial evidence in the record and adequately addresses the plaintiff's objections.

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested and

contested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Bloom's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Bloom (Doc. 16) is **ADOPTED** in its entirety;

2. The Commissioner's decision is **AFFIRMED;** and

3. The Clerk of Court shall close the case.

Dated: August 6, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge